AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Approximately $23,789.00 in United States Currency currently in the custody of the U.S. Drug Enforcement Administration | Case No. **25mr24** |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of ___New Mexico___ is subject to forfeiture to the United States of America under __21__ U.S.C. § __881(a)(6)__ *(describe the property)*:

Approximately $23,789.00 in United States Currency currently in the custody of the U.S. Drug Enforcement Administration

The application is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

*Applicant's signature*

TFO Lorenzo Herrera, DEA
*Printed name and title*

Sworn to before me by telephone or other reliable electronic means.

Date: January 3, 2025

*Judge's signature*

City and state: Albuquerque, New Mexico

Honorable Laura Fashing, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT**

I, Lorenzo Herrera, Task Force Officer (TFO) of the Drug Enforcement Administration (DEA), being duly sworn, state as follows:

**INTRODUCTION**

1. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), and have been since February 2024. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request arrest and search warrants. I am empowered by law to conduct investigations, make seizures of property, and make arrests as set forth in 21 U.S.C. § 878.

2. Prior to being a TFO with the DEA, I worked as a full-time sworn law enforcement officer with the Bernalillo County Sheriff's Office ("BCSO") since November 2019.

3. In my time as a Sheriff's Deputy and a TFO, I have received training including controlled substance identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance and electronic monitoring techniques, money laundering investigations and various forensic subjects, including latent fingerprint collection and analysis.

4. As a certified Sheriff's Deputy and TFO, I have participated in numerous investigations of individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a Task Force Officer includes, but is not limited to: conducting surveillance; interviewing witnesses; participating in arrests, searches, and seizures; working in an undercover capacity and working with informants and investigating money laundering cases. I have received

training and experience in the investigation of violations of federal and state drug and money laundering laws. I have participated in the investigation of several drug trafficking conspiracies. I investigated violations of the New Mexico Revised Statutes and have authored arrest warrants and search warrants for residences, cell phones, and social media platforms relating to drug investigations. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

### PROPERTY TO BE SEIZED

5. I make this Affidavit in support of an application for the issuance of a Seizure Warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure, Title 18 United States Code section 981, and Title 21 United States Code section 881, for:

**$23,789.00 seized from the vehicle of Tashia JOINER (hereinafter the "SUBJECT CURRENCY"). The SUBJECT CURRENCY was taken to Loomis Armored Transport on December 23, 2024, for an Official Count, which confirmed it to be $23,789.00. The SUBJECT CURRENCY is currently located in the US Marshals Service Custody following the official money count on December 23, 2024.**

6. The SUBJECT CURRENCY was seized on December 13, 2024, from Tashia JOINER following the execution of a search warrant of JOINER's vehicle, a 2014 Cadillac SRX bearing a New Mexico license plate RTN729 with VIN: 3GYFNBE39ES582118, located in Albuquerque, New Mexico. The SUBJECT CURRENCY was located inside of the vehicle.

7. Based upon the facts detailed in this Affidavit, probable cause exists to believe that the SUBJECT CURRENCY represents either (1) moneys furnished in exchange for a controlled substance, (2) moneys intended to be furnished in exchange for a controlled substance, (3) proceeds traceable to such an exchange, or (4) moneys used or intended to be used to facilitate the manufacture, distribution, or possession with intent to distribute a controlled substance.

Accordingly, the SUBJECT CURRENCY is subject to forfeiture under 21 U.S.C. § 881(a)(6), among other federal forfeiture provisions.

## BACKGROUND

8. I have been involved in an investigation regarding the illegal distribution of drugs in and around Albuquerque, New Mexico. This investigation also includes the drug trafficking activities of JOINER in and around Albuquerque, New Mexico.

9. My assertions of fact in this affidavit are based either on my own participation in this investigation or on information from other law enforcement agents communicated to me by those agents either directly or in reports made by those agents, which I have reviewed.

10. Since this Affidavit is being submitted for the limited purpose of securing a Seizure Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for an order authorizing the seizure of the proceeds described in paragraph 5.

## RELEVANT CRIMINAL STATUTES AND CRIMINAL FORFEITURE STATUTES

11. Title 21 United States Code § 841(a) provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance." 21 U.S.C. § 841(a). Subsection (b) designates the penalties corresponding to various controlled substances in various amounts. These controlled substances include methamphetamine and fentanyl. 21 U.S.C. § 841(b).

12. Title 21 United States Code § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties

as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

13. Title 21 United States Code § 853(a) provides, in relevant part, the following:

Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.

21 U.S.C. § 853(a).

14. Title 21 United States Code § 853(f) provides that "[t]he Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property."[1] 21 U.S.C. § 853(f).

15. Title 18 United States Code § 982(b)(1) provides that "[t]he forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 853)."

---

[1] 21 U.S.C. § 853(e) provides for protective orders to restrain certain property or enjoin its use/alienation. This provision also provides for the execution of a performance bond or other action to preserve the availability of property for forfeiture. As described in more detail below, however, there is reason to believe that these measures would be insufficient to preserve the availability of the property for forfeiture in the present situation.

## **RELEVANT CIVIL FORFEITURE STATUTES**

16. Title 21 United States Code § 881(a)(6) provides that "[t]he following shall be subject to forfeiture to the United States and no property right shall exist in them: . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6).

17. Title 21 United States Code § 881(b) provides that "[a]ny property subject to forfeiture to the United States under this section may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." 21 U.S.C. § 881(b).

18. Title 18 United States Code § 981(b)—which is referred to by 21 U.S.C. § 881(b) (above)—governs civil seizure and forfeiture of property by the Attorney General and other designated individuals.

19. Title 18 United States Code § 981(b)(2) provides, in relevant part, that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." 18 U.S.C. § 981(b)(2).

20. Title 21 United States Code § 881(e) provides for the disposition of property civilly or criminally forfeited pursuant to federal narcotics statutes.

## FACTS AND CIRCUMSTANCES

Affiant is referred to as "I" and or "me"

21. On December 11, 2024 at approximately 1500 hours, I, Detective L. Herrera, observed a blue Cadillac SRX bearing NM plate of RTN729 parked facing north bound on Indiana just before the intersection of Central and Indiana. I observed a female, later identified as Tashia JOINER, step out of the vehicle and drop a clear container which I observed to have small round and blue pills inside of it. I recognized these pills as counterfeit Oxycodone pills made with Fentanyl. The female immediately picked up the container from the ground and sat back in the driver seat of the vehicle and another female, Josephine ENRIQUEZ, at the driver door with the door open. I know this specific area to be a high crime, high drug use area and based on ENRIQUEZ's actions at the driver door of the vehicle, reaching in with JOINER sitting in the driver seat, this appeared to be a hand-to-hand drug transaction based on my training and experience.

22. A fully marked patrol unit was requested to conducted a stop of the vehicle. Once a stop was initiated, ENRIQUEZ immediately attempted to create distance between herself and JOINER's vehicle, and Deputies observed JOINER begin reaching into the center console, appearing to try and conceal items. Deputies had JOINER step out of the vehicle and both ENRIQUEZ and JOINER were detained in handcuffs behind the back. I shifted over to the driver side of the vehicle and observed a small blue circular pill on the floorboard between the driver's door and seat. Based on my training and experience this small blue circular pill with the marking "M" visible to me at the time appeared to be fentanyl. Due to it being in plain view, Deputies seized the small blue circular pill and advised JOINER of her Miranda Rights, and she confirmed

that the small blue circular pill I observed on the floorboard next to the driver seat was in fact fentanyl. JOINER advised she is a recovering addict and uses fentanyl.

23. JOINER and ENRIQUEZ were placed under arrest and, as Deputies began an inventory prior to tow of the vehicle, a large amount of US currency was located along with multiple bags containing the same small blue pills which JOINER had stated were Fentanyl. Detectives and Deputies decided to seal and tow the vehicle pending a search warrant.

24. On December 12 2024 at approximately 4:42 PM, The Honorable Judge Joshua J. Sanchez signed a search warrant for the vehicle.

25. On December 13, 2024 at approximately 8:00 AM, Detectives and Deputies executed the search warrant of the vehicle at 11200 Central Ave SE, Albuquerque New Mexico 87112, where the vehicle had been towed and stored at.

26. During the search of the vehicle, law enforcement located approximately 640 grams of Fentanyl, plastic bags and other drug paraphernalia. Law enforcement also located the SUBJECT CURRENCY in a black backpack on the driver's side floorboard of the vehicle. In my training and experience, when currency is located in the same vehicle as controlled substances and trafficking paraphernalia, it is an indication that the currency is proceeds from illegal controlled substance sales and/or the currency will be used to purchase additional controlled substances from a supplier.

27. Based on my training and experience I believe that efforts to restrain or enjoin the use of the SUBJECT CURRENCY pursuant to 21 U.S.C. § 853(e) would be insufficient to maintain the property for forfeiture unless they amounted to maintaining the property in the custody of the United States without allowing any use or dissipation (which is essentially the effect of the requested Seizure Warrant). Cash is a liquid asset that is easy to dissipate and difficult to

trace. Furthermore, the SUBJECT CURRENCY constitutes evidence of violations of Title 21 United States Code 841 and 846 and should be maintained in the custody of United States to facilitate its evidentiary use, as well as its forfeiture.

## CONCLUSION

28.  Based on the above facts and circumstances, there is probable cause to believe that the aforementioned SUBJECT CURRENCY represents proceeds of illegal drug trafficking, money to be furnished in exchange for controlled substances, or money used or intended to be used to facilitate illegal drug trafficking in violation of Title 21 United States Code sections 841 and 846. As such, the SUBJECT CURRENCY is subject to seizure and forfeiture to the United States Government pursuant to Rule 41 of the Federal Rules of Criminal Procedure, Title 18 United States Code sections 981 and 982, and Title 21 United States Code sections 853(a) and 881(a)(6).

29.  This Affidavit was reviewed and approved by AUSA Blake Nichols on December 24, 2024.

I declare under penalty of perjury that the information contained in this Affidavit is true and correct to the best of my knowledge.

Lorenzo Herrera, Task Force Officer
U.S. Drug Enforcement Administration
Albuquerque District Office

Electronically submitted to me and telephonically sworn on ~~this the ____ day of December, 2024~~ January 3, 2025

HONORABLE LAURA FASHING
United States Magistrate Judge